Michael Richard Perez–Lizano, Esquire, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Dan W. Montgomery, Law Office of Dan Montgomery, Tucson, AZ, for Defendant–Appellant.

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Melvin Flores–Ortiz appeals from the district court's judgment and challenges the 18–month sentence imposed following his guilty-plea conviction for attempted exportation of a firearm and magazines, in violation of 18 U.S.C. § 554. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Flores–Ortiz contends that he received ineffective assistance of counsel because his attorney failed properly to explain his plea deal. Contrary to Flores–Ortiz's contention, the record does not permit us to consider his ineffective assistance argument on direct appeal. *See United States v. Rahman,* 642 F.3d 1257, 1259–60 (9th Cir.2011) (this court reviews ineffective assistance claims on direct appeal only where the record is sufficiently developed or inadequate representation is obvious). Flores–Ortiz may pursue this claim through a motion under 28 U.S.C. § 2255.

**AFFIRMED.**

**Harold CORREOS; Rosemarie Correos,**
**Plaintiffs–Appellants,**

v.

**WELLS FARGO BANK, NA,**
**Defendant–Appellee.**

No. 13–16496.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2015.*

July 31, 2015.

Harold Correos, Las Vegas, NV, pro se.

Rosemarie Correos, Las Vegas, NV, pro se.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Christopher L. Benner, Chelsea A. Crowton, Robin Prema Wright, Esquire, Wright Finlay & Zak, L.L.P., Las Vegas, NV, Newport Beach, CA, for Defendant–Appellee.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM **

Harold and Rosemarie Correos appeal pro se from the district court's summary judgment in their action arising from fore-closure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo our own jurisdiction, *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs )*, 339 F.3d 782, 787 (9th Cir.2003), and for an abuse of discretion the district court's decisions regarding management of litigation, *Preminger v. Peake*, 552 F.3d 757, 769 n. 11 (9th Cir.2008). We affirm in part and dismiss in part.

The district court did not abuse its discretion in striking as moot the Correses' untimely oppositions to summary judgment. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir.2002) ("District courts have 'inherent power' to control their dockets." (citation omitted)).

We lack jurisdiction to review the district court's underlying judgment because the Correoses did not file a timely notice of appeal, or a timely post-judgment tolling motion. *See* Fed. R.App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment); 4(a)(4)(A)

** This disposition is not appropriate for publication and is not precedent except as provid-

(time for filing a notice of appeal may be extended where party files enumerated tolling motion); *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and "this court has no authority to create equitable exceptions[.]").

Wells Fargo Bank's request for a decision, filed February 11, 2015, is granted.

**AFFIRMED in part; DISMISSED in part.**